| | | | |
|---|---|---|---|
| AO 91 (Rev. 11/11)  Criminal Complaint | AUSA: Susan Fairchild | Telephone: (313) 226-9577 | |
| | Agent: BPA Michael Everson | Telephone: (313) 926-4700 | |

# UNITED STATES DISTRICT COURT
for the

Eastern District of Michigan

United States of America
   v.
Rene Alexander AMAYA-MEJIA

Case: 2:25−mj−30692
Assigned To : Unassigned
Assign. Date : 11/13/2025
Description: CMP USA v
Amaya−Mejia (SH)

**CRIMINAL COMPLAINT**

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __November 7, 2025__ in the county of __Wayne__ in the __Eastern__ District of __Michigan__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 8, United States Code, Section 1326(a) | Unlawful Re-entry after Removal from the United States |

This criminal complaint is based on these facts:
See Attached Affidavit

☑ Continued on the attached sheet.

_____
Complainant's signature

Michael Everson, BPA
Printed name and title

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: __November 13, 2025__

_____
Judge's signature

City and state: __Detroit, MI__     Anthony P. Patti , U.S. Magistrate Judge
Printed name and title

## AFFIDAVIT

I, Michael Everson, declare the following under penalty of perjury:

1. I am a Border Patrol Agent with the United States Department of Homeland Security, United States Border Patrol. I have been employed in this capacity since December 2011. Currently, I am assigned to the Detroit Border Patrol Station. The facts set forth herein are based upon my personal knowledge as well as information provided by other law enforcement officers to include Border Patrol Agents and record checks of law enforcement databases. I have also reviewed material from the official Immigration file and system automated data relating to Rene Alexander AMAYA-MEJIA, which reveals the following:

2. AMAYA-MEJIA is a thirty-year-old male, native and citizen of Honduras, who last entered the United States at or near an unknown place, without being admitted, inspected, or paroled by an Immigration Officer.

3. On or about May 26, 2014, AMAYA-MEJIA was arrested by Border Patrol Agents near Hildalgo, Texas. He was processed for Expedited Removal. On August 21, 2014, AMAYA-MEJIA was removed from the United States to Honduras through El Paso, Texas.

4. On or about November 25, 2016, AMAYA-MEJIA was arrested in Charleston, South Carolina by North Charleston Police for Driving Without a License. AMAYA-MEJIA was convicted of this same charge on December 13, 2016.

5. On or about November 29, 2016, AMAYA-MEJIA was arrested by Immigration and Customs Enforcement and was processed for reinstatement of prior removal.

6. On or about December 19, 2016, AMAYA-MEJIA was removed from the United States to Honduras through Atlanta, Georgia.

7. On November 7, 2025, Detroit Border Patrol Agents encountered AMAYA-MEJIA following a request by Livonia Police to assist them to help identify a subject that they had detained following a vehicle stop. Upon arriving on the scene, Livonia Police explained to Border Patrol Agents that AMAYA-MEJIA was driving without insurance and only possessed an international driver's license. AMAYA-MEJIA was issued a citation for that charge. When Border Patrol Agents questioned AMAYA-MEJIA concerning his immigration status, he stated that he was a citizen of Honduras and that he did not have any official immigration

documentation that would allow him to legally be in the United States. AMAYA-MEJIA was transported to the Detroit Border Patrol Station for processing. His prior order of removal was reinstated.

8. Rene Alexander AMAYA-MEJIA's fingerprints and photograph were captured and entered into the Automated Biometric Identification System (IDENT) and the Integrated Automated Fingerprint Identification System (IAFIS).  The results revealed that AMAYA-MEJIA is a citizen of Honduras with the foregoing immigration history who has been previously removed from the United States. The record checks did not provide any evidence that AMAYA-MEJIA legally entered the United States or had been issued any document or status that would allow him to enter or remain the United States.

9. The aforementioned arrest and subsequent detention was an administrative, non-criminal action made pursuant to the authority found in sections 1357, 1225, 1226, and/or 1231 of Title 8, United States Code to arrest and detain any alien entering or attempting to enter the United States, or any alien present in the United States, who is reasonably believed to be in violation of any law or regulation regulating the admission, exclusion, expulsion, or removal of aliens.

10. Review of the Alien File (A# xxx xxx 499) for Rene Alexander AMAYA-MEJIA and queries in Department of Homeland Security databases confirm no record exists of AMAYA-MEJIA obtaining the express permission from the Attorney General or the Secretary of the Department of Homeland Security to re-apply for admission to the United States following his removal on December 19, 2016.

11. Based on the above information, I believe there is probable cause to conclude that Rene Alexander AMAYA-MEJIA, is an alien who was found in the United States after removal, without the express permission from the Attorney General of the United States or from the Secretary of the Department of Homeland Security to re-apply for admission into the United States in violation of Title 8, United States Code, Section 1326(a).

_____
Michael Everson, Border Patrol Agent
U.S. Department of Homeland Security

Sworn to before me and signed in my
presence and/or by reliable electronic means.

_____
Honorable Anthony P. Patti
United States Magistrate Judge

November 13, 2025